**UNITED STATES of America,**
Appellee,

v.

**Alberto RAMIREZ–BANDRICH,**
Appellant.

**No. 00–2675MN.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 31, 2001.

Decided June 8, 2001.

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

[Not To Be Published]

PER CURIAM.

Alberto Ramirez–Bandrich pleaded guilty to reentering the United States illegally after previously having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The District Court[1] departed downward and sentenced Ramirez–Bandrich to three years and ten months (forty-six months) imprisonment and three years supervised release, and he appeals. His counsel has filed a brief and has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although we granted Ramirez–Bandrich permission to file a pro se supplemental brief, he has not done so.

As part of his written plea agreement, Ramirez–Bandrich waived the right to appeal this sentence, and we conclude that the waiver was knowing and voluntary. Ramirez–Bandrich was assisted by counsel and an interpreter at the change-of-plea and sentencing hearings; the Court carefully questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood it; the Court advised him of the statutory maximum penalty; and his sentence was consistent with the plea agreement. See *United States v. Michelsen*, 141 F.3d 867, 871–72 (8th Cir.) (holding that appeal waiver is enforceable so long as it resulted from knowing and voluntary decision), *cert. denied*, 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 299 (1998); *United States v. Greger*, 98 F.3d 1080, 1081–82 (8th Cir.1996) (enforcing knowing and voluntary waiver of right to appeal sentence so long as

---

1. The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

sentence is not in conflict with negotiated plea agreement; waiver was knowing and intelligent where it was included in plea agreement and was discussed at change-of-plea hearing).

Accordingly, because Ramirez–Bandrich's sentence was not in conflict with the plea agreement, we now specifically enforce his promise not to appeal by dismissing this appeal. See *United States v. Estrada–Bahena,* 201 F.3d 1070, 1071 (8th Cir.2000) (per curiam). We also grant counsel's motion to withdraw.

A true copy.